UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICKY LEE SWEET,
    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

NO. 1:09-CV-00106

**OPINION AND ORDER**

      This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 11), to which no objections were filed. In his Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff's application for Disability Insurance Benefits ("DIB") be affirmed and this case be dismissed from the docket of the Court (Id.). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

      Based on a back injury, herniated lower back disc, depression and degenerative disc disease, Plaintiff filed his application for DIB in August 2005, which application Defendant denied initially and upon reconsideration (Id.). Plaintiff requested and was granted a hearing before an ALJ, at which he was represented by counsel (Id.). The ALJ denied Plaintiff's

application in September 2008, and Plaintiff requested review by the Appeals Council, which request was denied (Id.).  Plaintiff then timely filed his complaint with this Court in February 2009 (doc. 1).

In appealing the ALJ's decision, Plaintiff alleged that the ALJ's decision was not supported by substantial evidence and specifically asserted that the ALJ failed to give controlling weight to the medical opinions of several treating medical sources; that the ALJ was overly dependent on the testimony of one non-examining source, whose conclusions contradicted the medical opinions of several treating and non-treating sources; and that the ALJ ignored the fact that Plaintiff's multiple impairments could be taken in the aggregate to find disability (doc. 11).  To reach his recommendation, the Magistrate Judge thoroughly reviewed the record in order to determine whether the ALJ's decision was supported by substantial evidence (Id., citing Raisor v. Schweiker, 540 F.Supp. 686 (S.D. Ohio 1982)).

The Magistrate Judge found that the ALJ's finding, that Plaintiff's treating physician's opinion was not supported by the objective findings in the record and was contradicted by other substantial evidence in the record, was supported by substantial evidence (Id.).  After a detailed review of Plaintiff's assertions of error regarding the weight of the evidence, the Magistrate Judge found, in short, that Plaintiff's assertions did not serve to

undermine the substantial evidence supporting the ALJ's assessment of the medical source opinions and other findings (Id.). Instead, the Magistrate Judge found that the ALJ considered the record as a whole and reasonably reached the decision that Plaintiff did not qualify for DIB (Id.). Among other reasons, the Magistrate Judge noted that the ALJ's reliance on the opinion of the non-examining source, for example, was warranted because that source was the only medical source who reviewed the entire record and who also considered Plaintiff's testimony at the hearings (Id.).

With respect to Plaintiff's claim that the ALJ failed to consider his impairments in the aggregate, the Magistrate Judge found that substantial evidence in the record supported the conclusion that the ALJ did, in fact, consider the combined effect of Plaintiff's impairments (Id.). Specifically, the Magistrate Judge noted that the ALJ found that Plaintiff suffered from multiple impairments, analyzed each after reviewing the entire record, and found that Plaintiff's combination of "impairments" did not amount to a disability such that Plaintiff should receive DIB (Id.). Indeed, the Magistrate Judge found that the use of the plural "impairments" was sufficient to show that the ALJ had, in fact, considered Plaintiff's impairments in the aggregate, but noted other evidence supporting this conclusion as well (Id.).

The parties were served with the Magistrate Judge's Report and Recommendation and were therefore afforded proper notice

of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including the notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  Neither Party filed any objections thereto within the time frame provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).  When no objections have been filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. <u>See</u> Advisory Committee Notes to Fed. R. Civ. P. 72; <u>Thomas v. Arn</u>, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a <u>de novo</u> or any other standard, when neither party objects to those findings").

Having reviewed this matter pursuant to 28 U.S.C. §636(b), the Court finds no clear error on the face of the record and further finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.  Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 11), AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.

SO ORDERED.

Dated: March 18, 2010      /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel